Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 50004 | **DATE** | 4/12/2004 |
| **CASE TITLE** | USA vs. Hill | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies Hill's Rule 41(g) motion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 12 2004 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | | 4-13-04 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Michael Hill, a federal prisoner, filed a pro se motion pursuant to Fed. R. Crim. P. 41(g), seeking the return of certain items seized during several arrests by local law enforcement officers that ultimately led to his being charged and sentenced in this court. In his motion, Hill states that the property was seized by local law enforcement authorities. Attached to Hill's motion are two letters to him from his attorney which suggest the property sought was never in the possession of the federal government.

The government has filed a response to the motion in which it asserts that the property was never in its possession. Included with the government's response is the affidavit of a special agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) which states that local law enforcement officers seized and retained custody of the property and that no federal agent or agency, including the United States Attorney's office, ever exercised control or custody over any of the property. The government also included copies of local law enforcement officers' reports which identify the various items sought to be recovered and indicate that those items were originally seized by local law enforcement authorities.

Rule 41(g) entitles a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" to seek the return of his property. Fed. R. Crim. P. 41(g). Because in the usual case the only relief sought by a Rule 41(g) motion is return of the property by the government, the fact the government does not have the property is ordinarily a conclusive ground for the denial of the motion. Okoro v. Callaghan, 324 F. 3d 488, 490 (7th Cir. 2003); United States v. Solis, 108 F. 3d 722, 723 (7th Cir. 1997). The court must receive evidence on any factual issue necessary to decide the motion. Fed. R. Crim. P. 41(g).

Here, the relevant issue raised by the motion and the response is whether the government possesses the property. Hill has not submitted (nor referred to any) evidence that would support the conclusion that the government has ever possessed the items he seeks to recover. In fact, the only evidence submitted by Hill suggests otherwise. The government, on the other hand, has submitted an affidavit of a federal law enforcement officer that unequivocally states that no agent or agency of the federal government has ever possessed the property.

Based on this undisputed evidence, the court finds the government has never possessed the property and, therefore, denies Hill's Rule 41(g) motion.